Filed 5/30/25  P. v. Boode CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHAWNDRA STAR BOODE,<br><br>    Defendant and Appellant. | A171369<br><br>(Alameda County<br>Super. Ct. No. H46925A) |

Defendant Shawndra Star Boode appeals after the trial court took no action on her Penal Code[1] section 1172.1 petition for recall and resentencing. We conclude the trial court's order is not appealable and will dismiss the appeal.

## BACKGROUND

In 2010, a jury convicted Boode of two counts of first degree murder under section 187, subdivision (a), and found true special circumstance allegations under section 190.2, subdivision (a)(3) and (17)(A), as well as enhancements under sections 12022.5, subdivision (a), 12022.53, subdivisions (d) and (g), and 12022.7, subdivision (a).  The trial court subsequently sentenced her to 120 years to life without the possibility of parole.

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

1

On March 12, 2024, Boode filed a section 1172.1 petition for resentencing in connection with her 2010 convictions. Her petition discussed her youth at the time of the underlying offenses, childhood trauma, and subsequent rehabilitative efforts. She also referenced the Alameda County District Attorney's review of her sentence. On April 25, 2024, the trial court declined to take action on Boode's petition, citing section 1172.1, subdivisions (a)(1), (5), and (c), and otherwise dismissed the petition for lack of jurisdiction.

Boode timely appealed on May 23, 2024. Boode contends (1) the trial court had jurisdiction under section 1172.1 to recall her sentence and resentence her, (2) the court's order stating it lacked jurisdiction is appealable under section 1237, subdivision (b) as a postjudgment order that affects her substantial rights, and (3) the trial court abused its discretion in taking no action on the petition. The Attorney General disagrees as to all points.

## DISCUSSION

Boode purports to appeal from the trial court's order declining to take action on her petition for resentencing. We conclude the order is not appealable.

### I. Governing Legal Principles

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) Boode purports to appeal under section 1237, subdivision (b), which provides a defendant can appeal from "any order made after judgment, affecting the substantial rights of the party."

Boode relies on section 1172.1, which provides authority for a trial court to recall and resentence defendants "on its own motion" or under other certain circumstances. (§ 1172.1, subd. (a).) "Like its predecessor provisions . . . , section 1172.1 is a statutory exception to the general rule that ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' " (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).) However, the trial court is under no obligation to respond to a section 1172.1 petition because, as plainly stated in section 1172.1, subdivision (c), "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." "That [second] sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling." (*Hodge*, at p. 996.) Thus, when a trial court "declines to act on a defendant's petition, it affects no substantial right, as a defendant's request carries neither a right to a resentencing nor an obligation for the court to consider initiating one." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 (*Faustinos*).) "We conclude that there is no appellate jurisdiction over an order declining to act on a defendant's unauthorized section 1172.1 petition, even though a court may initiate a resentencing on its own motion." (*Faustinos,* at p. 697.)

## A.   Analysis

Here, the trial court's order did not affect Boode's substantial rights for the simple reason that she is not entitled to a response from the court pursuant to section 1172.1, subdivision (c). (*People v. Roy* (2025) 110 Cal.App.5th 991, 998 [following *Hodge* to hold that "defendant's

3

substantial rights are not affected by the challenged order because the trial court had no obligation to act on defendant's request"].)  The trial court's decision to take no action on defendant's section 1172.1 petition is therefore not appealable under section 1237, subdivision (b).

In her appellate briefs, Boode contends the trial court's order is appealable, citing to *People v. Vaesau* (2023) 94 Cal.App.5th 132 (*Vaesau*), *Loper*, *supra*, 60 Cal.4th 1155, and *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*).  We find these cases are inapplicable and Boode's reliance on them unpersuasive.

In both *Loper*, *supra*, 60 Cal.4th 1155, and *Vaesau*, *supra*, 94 Cal.App.5th 132, the government parties "properly initiated" (*Loper*, at p. 1158) the recall and resentencing proceedings as expressly authorized by the relevant statutes.  In *Vaesau*, the prosecution filed a request for recall and resentencing under section 1172.1, subdivision (a)(1).  (*Vaesau*, at p. 140.)  In *Loper*, the Secretary of the California Department of Corrections and Rehabilitation initiated a request for recall of defendant's sentence under section 1170, subdivision (e).  (*Loper*, at p. 1158.)  But unlike in *Loper* and *Vaesau*, Boode filed an unauthorized section 1172.1 petition.  And section 1172.1 does not obligate the court to respond to a defendant's unauthorized petition.  (§ 1172, subd. (c).)

We find Boode's reliance on *Carmony* unpersuasive as well.  First, *Carmony* dealt with a defendant's right to appeal a trial court's refusal to dismiss a prior strike under section 1385.  (*Carmony*, *supra*, 33 Cal.4th at p. 371.)  As emphasized by the court in *Faustinos*, *Carmony* arose from a conviction and sentence under section 1237, subdivision (a), which provides for a defendant to appeal "from a final judgment of conviction," whereas Boode seeks to appeal under subdivision (b).  (*Faustinos*, *supra*,

4

109 Cal.App.5th at p. 699.)  But unlike in *Carmony* where the appellate court had jurisdiction under section 1237, subdivision (a), here, the appellate court "has no basis to review a trial court's decision not to initiate" a section 1172.1 resentencing, as there is no statutory obligation for the trial court to do so. (*Faustinos*, at p. 699.)

Moreover, the statutory language of section 1172.1 is both clear and distinguishable from section 1385.  We agree with the analysis in both *Hodge* and *Faustinos*.  In *Hodge*, as here, Hodge requested the trial court recall his sentence under section 1172.1.  (*Hodge, supra*, 107 Cal.App.5th at p. 991.) But as the Second District emphasized, "unlike the eligibility criteria governing a trial court's decision to deny compassionate release under former section 1170 [as in *Loper*] and the limits on a trial court's discretion not to dismiss a prior strike under section 1385 [as in *Carmony*], section 1172.1 places no constraints on the trial court's decision declining to initiate reconsideration of a sentence on its own motion." (*Hodge*, at p. 999; see *Faustinos, supra*, 109 Cal.App.5th at p. 697 ["We lack any 'discernable criteria' to review" a decision declining to act on a defendant's section 1172.1 petition].)  Because the trial court was not statutorily obligated to respond to Hodge's request, its denial of Hodge's request did not affect Hodge's substantial rights under section 1237, subdivision (b).  "The lack of any statutory constraints on a trial court's decision to decline action on a defendant's request for resentencing under section 1172.1 also means that there would be nothing for this court to review on appeal." (*Hodge*, at p. 998.) Just as the *Hodge* court found the trial court's order declining to recall Hodge's sentence non-appealable (*id.* at p. 991), so too is the trial court's order here.

Boode argues *Hodge* is distinguishable because the trial court here "substantively" responded to Boode's petition, whereas the trial court in *Hodge* issued a shorter order. However, we agree with the *Faustinos* court that an order's content cannot "transform a non-appealable order (stating that it would not act on an unauthorized motion) into an appealable one by addressing a matter that it needed not address (its jurisdiction to act on its own), even if it was wrong about the matter." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 698.) " '[A]ppealability depends upon the nature of the decision made, not the court's justification for its ruling.' " (*Ibid.*) We reject Boode's attempt to distinguish *Hodge* based on the content of the trial court's order here.

Like *Hodge*, *Faustinos* held that a trial court order declining to act on a defendant's unauthorized section 1172.1 petition was non-appealable, even after a 2024 statutory amendment to section 1172.1 allowing the court "on its own motion" to recall and resentence a defendant " 'at any time' " if there is a change in applicable sentencing laws. (*Faustinos*, *supra*, 109 Cal.App.5th at p. 695; § 1172.1, subd. (a)(1).) Boode argues *Faustinos* is distinguishable because unlike in *Faustinos*, Boode cited changes in applicable sentencing laws in her petition. We disagree with Boode's argument. As the *Faustinos* court noted, although the 2024 amendment now *allows* a trial court to "initiate a resentencing on its own motion," the court is still not *required* to do so under subdivision (c). (*Faustinos*, at p. 696.) Boode's references to alleged changes in applicable sentencing laws therefore do not affect the non-appealability of the trial court's order.

Boode is not without remedy. She may file a petition for a writ of habeas corpus in the trial court to challenge the court's finding that it lacked jurisdiction to consider her petition for resentencing. Boode "has a remedy if

6

a trial court wrongly declares that it lacks jurisdiction to act on its own motion under section 1172.1. That remedy is to petition for a writ of habeas corpus in the trial court. [Citations.] In such a petition, the defendant would set forth the circumstances that 'would support setting the matter for a new sentencing hearing,' and if the trial court concludes the petition may have merit, it can act on it. [Citation.] In the unlikely event that the trial court wrongly insists it has no authority to act even when told that changes in law create discretionary section 1172.1 jurisdiction, the defendant could petition for a writ of habeas in our court." (*People v. Faustinos, supra,* 109 Cal.App.5th at pp. 698–699.) "The virtue of this path is that it could create a record of the trial court's view [citation], rather than have the appealability of a simple post-judgment order turn on discerning what may have been in the court's mind." (*Id.* at p. 700.)

We conclude, for the reasons stated in *Hodge* and *Faustinos*, that the trial court's order declining to take action on Boode's section 1172.1 petition is not appealable.

## DISPOSITION

The trial court's order is affirmed.


BROWN, P. J.


WE CONCUR:

STREETER, J.
GOLDMAN, J.

*People v. Boode* (A171369)

7